UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL OHAEGBU,

    Petitioner,

v.                                            Case No. 6:05-cv-1329-Orl-19DAB
                                                    (6:92-cr-035-Orl-19DAB)

UNITED STATES OF AMERICA,

    Respondent.

_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

This case is before the Court on Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b)(4), (6) (Doc. No. 1). Petitioner seeks to have this Court reconsider and vacate its March 7, 2002, Order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Criminal Case No. 6:92-cr-035-Orl-19DAB, Doc. No. 1062).[1] According to Petitioner, this Court "failed to reach the merit of the claim concerning the violation of U.S.S.G. § 1B1.8." (Doc. No. 1 at 3.) Thus, Petitioner seeks to reassert such claim.

In July of 1992, Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute in excess of five kilograms of

---

[1] Hereinafter Criminal Case No. 6:92-cr-035-Orl-19DAB will be referred to as "Criminal Case."

cocaine base. He was subsequently sentenced to a 372 month term of imprisonment, followed by five years of supervised release.

In April of 1995, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 alleging that he had received ineffective assistance of counsel because his attorney failed to file a notice of appeal. The motion was granted, and an amended judgement was entered sentencing Petitioner to the same sentence. Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals entered a written, unpublished opinion *per curiam* affirming Petitioner's judgment and sentence (Criminal Case Doc. No. 948). The United States Supreme Court denied Petitioner's petition for a writ of certiorari (Criminal Case Doc. No. 958).

Petitioner next filed an amended motion to vacate, set aside, or correct an allegedly illegal sentence (Criminal Case Doc. No. 969), which he supplemented (Criminal Case Doc. No. 1019). The Court denied all of Petitioner's claims, and the case was dismissed with prejudice (Criminal Case Doc. No. 1062). The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability thus concluding the appeal. (Criminal Case Doc. No. 1100).

The United States Supreme Court recently addressed whether Rule 60(b) motions are subject to the restrictions on "second and successive" petitions under 28 U.S.C. 2244(b). *Gonzalez v. Crosby*, 125 S. Ct 2641 (2005). Specifically, the Court held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 2651.

In the instant motion, Petitioner pursues relief based on a claim set forth in his prior § 2255 motion. Clearly, Petitioner is reasserting a "claim" of error in his federal conviction. Although *Gonzalez* concerned a state court conviction, the reasoning applies equally to federal convictions and the limitation on second or successive § 2255 motions. The Court finds that because Petitioner's motion attacks the substance of the Court's resolution of his § 2255 claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez*, 125 S. Ct. at 2649, ("a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition.").

Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

**DONE AND ORDERED** at Orlando, Florida, this __12th__ day of December, 2005.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 12/12
Counsel of Record
Paul Ohaegbu